UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| WALTER LOPEZ, | ) | No. CV 11-07273-JST (VBK) |
| Petitioner, | ) | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| v. | ) | |
| WARDEN, | ) | |
| Respondent. | ) | |

On September 2, 2011, Walter Lopez (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas by a Person in Federal Custody" pursuant to 28 U.S.C. §2241. It appears that Petitioner is in federal custody but is challenging his state court conviction for burglary and grand theft in 2010. (See Petition at 2.) The Court's initial review of the Petition reveals that it suffers from the following deficiencies:

(1) The Petition does not name the proper respondent. Since Petitioner currently is in federal custody, the only appropriate respondent is the federal officer having custody of him, which in this case would be the Warden at Mira Loma Detention Center at Lancaster, California, where Petitioner

1 currently is incarcerated. See also 28 U.S.C. §2242.
2 (2) It appears conclusively from the face of the Petition that
3 state remedies have not been exhausted. There is no
4 indication in the Petition whatsoever that the California
5 Court of Appeal or California Supreme Court have been given
6 an opportunity to rule on Petitioner's contentions.
7 A federal court will not review a state prisoner's petition
8 for writ of habeas corpus unless it appears that the
9 prisoner has exhausted available state remedies on each and
10 every claim presented. 28 U.S.C. § 2254(b) and (c);
11 Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see
12 Rose v. Lundy, 455 U.S. 509, 522 (1982). "For reasons of
13 federalism, 28 U.S.C. § 2254 requires federal courts to give
14 the states an initial opportunity to correct alleged
15 violations of its prisoners' federal rights." Kellotat v.
16 Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983).
17 Exhaustion requires that the prisoner's contentions be
18 fairly presented to the highest court of the state.
19 Carothers, supra, 594 F.2d at 228; see Allbee v. Cupp, 716
20 F.2d 635, 636-37 (9th Cir. 1983). A claim has not been
21 fairly presented unless the prisoner has described in the
22 state court proceedings both the operative facts and the
23 federal legal theory on which his claim is based. See
24 Anderson v. Harless, 459 U.S. 4, 6 (1982); Pappageorge v.
25 Sumner, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S.
26 1219 (1983).
27
28 The Petition therefore is **DISMISSED** with leave to amend. If

2

Petitioner desires to pursue this action, he is ordered to file an Amended Petition correcting the deficiencies discussed above within 30 days of the date of this Order. The Clerk is **DIRECTED** to send Petitioner a Central District of California blank habeas petition form for this purpose. The Amended Petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely.

Petitioner is cautioned that his failure to timely file an Amended Petition in compliance with this Order will result in a recommendation that the action be dismissed without prejudice for failure to prosecute.

DATED:  September 12, 2011                /s/
                                          VICTOR B. KENTON
                                          UNITED STATES MAGISTRATE JUDGE